IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randolph Ashford, | C/A No. 0:18-1262-JFA-PJG |
| Petitioner, | |
| v. | **ORDER** |
| Michael Stephan, | |
| Respondent. | |

The petitioner, Randolph Ashford, a self-represented state prisoner, filed this action pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) on Ahsford's motion for an entry of default. (ECF No. 9.)

Ashford appears argues that an entry of default is appropriate because the respondent did not timely file an answer. Ashford is in error. First, default judgments are generally not available in habeas actions. See Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984) (reasoning that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"); see also Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment."); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) (noting that "a default judgment is not contemplated in habeas corpus cases"); Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970) ("Rule 55(a) has no application in habeas corpus cases."); Garland v. Warden, C/A No. 4:08-1668-JFA-TER, 2008 WL 4834597 (D.S.C. 2008). Moreover, the court observes that the respondent requested and was granted an extensions of time to file his return, and that the extended deadline has not yet expired. (See ECF Nos. 8 & 10.) It is therefore

**ORDERED** that Ashford's motion for an entry of default (ECF No. 9) is denied.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 25, 2018
Columbia, South Carolina