IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| Randolph Ashford, | C/A No. 0:18-1262-JFA |
|---|---|
| Petitioner, | |
| v. | **ORDER** |
| Michael Stephan, | |
| Respondent. | |

## I.  INTRODUCTION

This matter is before the Court on multiple motions by Petitioner Randolph Ashford ("Petitioner") in relation to his habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner is an inmate at the Broad River Correctional Institution in Columbia, South Carolina. (ECF No. 54). Petitioner, proceeding *pro se* and *in forma pauperis*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 8, 2018. (ECF Nos. 1, 5). Thereafter, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to a Magistrate Judge for review. (ECF No. 2).

Petitioner filed a Motion for Entry of Default, which was denied. (ECF No. 15). Thereafter, Respondent Michael Stephan ("Respondent") filed a Motion for Summary Judgment. (ECF No. 22). Petitioner moved for extension of time to respond, which was granted, but his second and third motions for extension were denied by the Magistrate Judge. (ECF Nos. 27, 32, and 35). Thereafter, Petitioner responded to Respondent's Motion for Summary Judgment, Respondent replied, and the Magistrate Judge subsequently filed a Report and Recommendation ("Report")

based on the briefs of the parties. (ECF Nos. 37, 44, and 45). Petitioner also made multiple motions during this timeframe, which the Court addresses in this Order.

**II.     DISCUSSION**

The following motions by Petitioner are reviewed and decided in this Order: Motion for Extension of Time to File Objections, (ECF No. 52); Motion for Extension of Time to Respond to Motion for Summary Judgment, (ECF No. 48); Motion for Copies, (ECF No. 49); Motion for Advisory Opinion, (ECF No. 50); and Motion to Stay Proceedings, (ECF No. 54).

**A. Motion for Extension of Time to File Objections.**

Petitioner filed his First Motion to Enlarge Time to File an Objection to the Court Report and Recommendation (which the Court refers to as "Motion for Extension of Time to File Objections") to the Magistrate Judge's Report. (ECF No. 52). His Objections were due January 23, 2019. (ECF No. 45 at 28). In spite of his motion, Petitioner filed Objections on January 22, 2019, (ECF No. 53), and the filing of his Objections renders his Motion for Extension of Time to File Objections moot. Nevertheless, the Court did not address Petitioner's motion until the present order, which has been filed after the filing deadline for Petitioner's Objections, and it appears that Petitioner was attempting to file what he was able to compose within the established deadline constraints. The Court aims to honor its intention to grant Petitioner's motion and, thus, Petitioner is given thirty (30) additional days beyond the original deadline to refile or supplement his Objections to the Report. The Court grants Petitioner's Motion for Extension of Time to File Objections, resulting in a new deadline of February 22, 2019 to file his Objections to the Report.

**B. Motion for Extension of Time to Respond to Motion for Summary Judgment.**

In addition to filing a Motion for Extension of Time to File Objections, Petitioner also filed a document entitled "Rule 60. Relief from Judgment or Order" (which the Court construes, and

refers to, as "Motion for Extension of Time to Respond to Motion for Summary Judgment"). (ECF No. 48). However, prior to issuing the Report, the Magistrate Judge granted Petitioner a lengthy deadline extension that afforded him ample time in which to file his response to Respondent's Motion for Summary Judgment. (ECF No. 27). Additionally, despite Petitioner's allegation that he cannot access the jail law library in order to conduct research, his Response to Respondent's Motion for Summary Judgment and Objections to the Report contain many citations to statutes and case law, indicating he has had the opportunity to conduct research after all. (ECF Nos. 37 and 53). Moreover, Petitioner's arguments relating to Respondent's Motion for Summary Judgment can be properly articulated in Petitioner's Objections to the Report. Therefore, the Court denies Petitioner's Motion for Extension of Time to Respond to Motion for Summary Judgment. (ECF No. 48).

**C. Motion for Copies.**

Petitioner also filed a letter with the Court in which he requested what he described as "a copy of my exhibits in which is my discovery I sent to you" ("Motion for Copies"). (ECF No. 49). Petitioner argues that he needs free copies of the aforementioned documents in order to "proceed to the next court as challenging my conviction (Freedom)." (ECF No. 49).

An indigent defendant possesses a right to receive a copy of the trial court record or a transcript of his prior proceedings when necessary for an "effective" defense at trial or direct appeal. *Lind v. Ballard*, No. 2:14-CV-26284, 2016 WL 11483825, at *9 (S.D.W. Va. Apr. 27, 2016) (citing *Britt v. North Carolina*, 404 U.S. 226, 227 (1971)). "Fees for transcripts furnished . . . in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes." 28 U.S.C.A. § 753 (West).

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C.A. § 2250 (West).

However, "an indigent prisoner in a federal habeas action does not enjoy a right to free duplication of his self-drafted documents." *Ballard*, 2016 WL 11483825, at *9 (citing *Anderson v. Gillis*, 236 F. App'x 738, 739 (3d Cir. 2007) ("While indigent prisoners in a habeas case who have been granted in forma pauperis status are entitled to obtain certain documents without cost, . . . copies of documents generated by the petitioner and filed by him previously in the case would not be included.")).

Here, Petitioner requests free copies of documents he filed with the Court. However, he does not have a right to free copies of those documents. Moreover, the Court construes Petitioner's letter to mean that he desires copies of the aforementioned documents so as to formulate his arguments for appeal. Since this case is not yet on appeal, Petitioner's request is premature and, therefore, not ripe for review. Accordingly, Petitioner's Motion for Copies is denied.

**D. Motion for Advisory Opinion.**

Petitioner filed a letter with the Court in which he requested answers to various legal questions pertaining to the constitutionality of hypothetical prisoner conditions ("Motion for Advisory Opinion"). (ECF No. 50). However, "[f]or the Court to analyze and explain the legal implications of a situation that has not arisen here would lead the Court to issue an advisory opinion, which is constitutionally prohibited." *Winnie v. D.R. Horton, Inc.*, No. 4:18-CV-01023-RBH, 2019 WL 283647, at *4 (D.S.C. Jan. 22, 2019) (citing *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) ("The federal courts . . . do not render advisory opinions.")). Petitioner must direct his

arguments to the recommendations made in the Report rather than to hypothetical scenarios, and the Court refuses to issue an advisory opinion in response to Petitioner's questions. Thus, Petitioner's Motion for Advisory Opinion is denied.

### E. Motion to Stay Proceedings.

On January 22, 2019, Petitioner filed a Motion to Stay Proceedings. (ECF No 54). Within that motion, however, Petitioner does not articulate any new reasons for requesting a stay, nor does he indicate how long a stay should remain in effect. (ECF No. 54 at 1). Rather, Petitioner reiterates his contention that Respondent is preventing him from accessing the jail's law library, which Petitioner argues impairs his ability to prepare his responses to Respondent's Motion for Summary Judgment and the Report. (ECF No. 54 at 1). Petitioner also "incorporates all prior motions to enlarge time to file responses," (ECF No. 54 at 1), and requests that the Court "grant a new trial and or release him," (ECF No. 54 at 2).

It appears that Petitioner's Motion to Stay Proceedings is a reiteration of his motions for extension of time, which the Court addresses above. Consequently, Petitioner's Motion to Stay Proceedings is denied.

### III. CONCLUSION

After reviewing the applicable laws and the record in this case, Petitioner's Motion for Extension of Time to File Objections, (ECF No. 52), is **GRANTED**, resulting in a new deadline of **February 22, 2019** for Petitioner to file his Objections to the Report. Petitioner's Motion for Extension of Time to Respond to Motion for Summary Judgment, (ECF No. 48); Motion for Copies, (ECF No. 49); Motion for Advisory Opinion, (ECF No. 50); and Motion to Stay Proceedings, (ECF No. 54), are **DENIED**.

IT IS SO ORDERED.

January 28, 2019  Joseph F. Anderson, Jr.
Columbia, South Carolina  United States District Judge