IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Randolph Ashford,<br><br>        Petitioner,<br><br>v.<br><br>Michael Stephan,<br><br>        Respondent. | C/A No. 0:18-cv-01262-JFA<br><br>**ORDER** |

This matter is before the Court on multiple motions by Petitioner Randolph Ashford ("Petitioner") in relation to his habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner is an inmate at the Broad River Correctional Institution in Columbia, South Carolina. (ECF Nos. 57 at 1, 57-1 at 1). Petitioner, proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 8, 2018. (ECF Nos. 1, 5). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to a Magistrate Judge for review. (ECF No. 2). Thereafter, Petitioner filed a letter requesting a certificate of appealability "when and if [his] habeas petition is denied by the [C]ourt" (ECF No. 57) in addition to a Motion for Appointment of Counsel (ECF No. 59).

First, Petitioner preemptively seeks a certificate of appealability in case his habeas petition is denied by the Court. However, a matter must be ripe for consideration for the Court to rule on it. *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003). An issue is ripe for judicial review when: 1. the issue is fit for judicial decision, and 2. hardship would result to the parties were the court to withhold consideration. *Id.* at 808. Here, the Court has not yet decided whether to grant Petitioner's habeas petition. As such, the Court's future ruling is not yet appealable and the issuance of a certificate of appealability is, accordingly, not fit for judicial

decision. Further, no hardship would result from declining to consider whether to issue a certificate of appealability at this point because, even if Petitioner's request was granted, the certificate would be worthless since there would be nothing to appeal. If the Court does decide to deny the petition, the Court will decide whether to issue a certificate of appealability at that time. Because the issuance of a certificate of appealability is not ripe for consideration, the Court denies Petitioner's request for the same.

Second, Petitioner seeks the assistance of counsel due to his lack of ability to afford counsel, the complexity of the issues involved in this case, the limitations that imprisonment places upon his ability to research the issues in his case, and his physical limitations to adequately represent himself due to glaucoma and a shoulder injury. However, under the law, there is no constitutional right to counsel in habeas corpus petitions. *Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987). Consequently, Petitioner's Motion for Appointment of Counsel is denied.

In summary, Petitioner's request for a certificate of appealability (ECF No. 57) is DENIED. Furthermore, Petitioner's Motion for Appointment of Counsel (ECF No. 59) is also DENIED.

IT IS SO ORDERED.

March 5, 2019  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge