IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Randolph Ashford,<br><br>              Petitioner,<br><br>v.<br><br>Michael Stephan,<br><br>              Respondent. | C/A No. 0:18-1262-JFA<br><br>**ORDER** |

## I.      INTRODUCTION

Petitioner Randolph Ashford ("Petitioner"), a state prisoner proceeding pro se, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 ("Petition"). (ECF No. 1). Petitioner is currently confined at Broad River Correctional Institution. (ECF No. 21 at 2). After reviewing the pleadings, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and recommends that Respondent Michael Stephan's ("Respondent") Motion for Summary Judgment (ECF Nos. 21, 22) be granted and that the Petition be denied. (ECF No. 45). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. (ECF No. 45).

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Petitioner was advised of his right to file objections to the Report, which was filed by the Magistrate Judge on January 4, 2019. (ECF No. 45). The Magistrate Judge required Petitioner to file objections to the Report by January 18, 2019. (ECF No. 45 at 28). On January 28, 2019, this Court granted Petitioner's Motion for Extension of Time to File Objections to the Report by extending the filing deadline to February 22, 2019. (ECF No 55). Petitioner's Objections were filed on February 27, 2019 and the Court accepted his filing pursuant to the prisoner mailbox rule.[2]

## II.    LEGAL STANDARD

A district court is required to conduct a de novo review only of the specific portions of the Magistrate Judge's Report to which objections are made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *see also Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, the Court is not required to give an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made specific written objections. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No.

---

[2] *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (discussing the prisoner mailbox rule, whereby the date of filing is the date on which a prisoner plaintiff places a document to be filed on the docket into the prison mail system). Petitioners Objections were date stamped as "RECEIVED" by the Broad River Correctional Institution on February 19, 2019 (ECF No. 58 at 1), which was within the new deadline of February 22, 2019 (ECF No. 55).

6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error.*" *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Where an objection is "nonspecific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate[s] . . . claims," the Court need not conduct any further review of that objection. *Field v. McMaster*, 663 F. Supp. 2d 449, 452 (D.S.C. 2009); *see also McNeil v. SC Dept. of Corrections*, No. 5:12-2880-MGL, 2013 WL 1102881, at *1 (D.S.C. Mar. 15, 2013) (finding petitioner's objections to be without merit where the objections were "non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and consist[ed] of a reassertion of the arguments" made in the petition); *Arbogast v. Spartanburg Cty.*, No. 07:11-cv-00198-GRA, 2011 WL 5827635, at *2 (D.S.C. Nov. 17, 2011) (finding that plaintiff's objections were not specific where the objections were "general and conclusory in that they merely reassert[ed] that his conviction was wrongful.").

## III.    DISCUSSION

### A.  Procedural Bar as to Grounds Five and Six, and Parts of Ground Four.

#### i.  Ground Five

In Ground Five, Petitioner argues trial counsel were ineffective for failing to quash the indictments against him. (ECF No. 1 at 14). Respondent argues Ground Five of the Petition is procedurally barred. (ECF No. 21 at 44). The Magistrate Judge recommends granting Respondent's Motion as to Ground Five. (ECF No. 45 at 10-13). The Court agrees.

At the PCR hearing, PCR counsel asked the PCR court to consider a brief drafted pro se by Petitioner that explained why the indictments in his trial should have been quashed based on the indictments having been issued when there was no term of the Court of General Sessions. (ECF No. 21-3 at 176-77, 189-90). However, no testimony was presented to the PCR court, and the PCR court did not make any findings of fact or conclusions of law on this point. (ECF No. 21-3 at 394-407). Thus, even though Petitioner raised the issue on appeal from the denial of his PCR application in his pro se brief (ECF No. 21-14 at 12), the claim was not preserved for review in the state appellate court. *See Plyler v. State*, 424 S.E.2d 477, 478 (S.C. 1992) (stating that issues not raised to and ruled on by the PCR court are not preserved for review on appeal); *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007) (stating that issues are not preserved for review where the PCR applicant fails to make a motion to alter or amend the judgment asking the PCR court to make specific findings of fact and conclusions of law on his allegations). Consequently, the claims are barred from federal habeas review. *See Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004).

However, Petitioner argues he can show cause to excuse the procedural bar because PCR counsel failed to ask the PCR court to rule on the issue in a motion to alter or amend the judgment. (ECF No. 37 at 23). Generally, any errors of PCR counsel cannot serve as a basis for cause to

excuse a petitioner's procedural bar of his claims. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991). However, in *Martinez v. Ryan*, the United States Supreme Court (the "Supreme Court") established a "limited qualification" to the rule in *Coleman. Martinez v. Ryan*, 566 U.S. 1, 15 (2012). The *Martinez* Court held that ineffective assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. In describing its holding in *Martinez*, the Supreme Court has stated:

> We . . . read *Coleman* as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (citing *Martinez*, 132 S. Ct. at 1318-19, 1320-21); see also *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012) (summarizing the *Martinez* test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective . . . , whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice").

Further, to excuse the procedural bar to Petitioner's claims, he must "show that [PCR] counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." *Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012); *see also Williams v. Taylor*, 529 U.S. 362, 391 (2000) (stating that "the *Strickland* test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims"); *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that

in order to demonstrate ineffective assistance of counsel, a petitioner must show (1) his counsel was deficient in his representation, *i.e.*, that counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution and (2) he was prejudiced as a result).

Here, the Court finds Petitioner cannot demonstrate cause pursuant to *Martinez* because his underlying claim is not substantial—that is, the claim is patently without merit. *See Martinez*, 566 U.S. at 14 ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."). In South Carolina, indictments are notice documents, intended to inform defendants of the charges against them. *See State v. Smalls*, 364 S.E.2d 754, 756 (S.C. 2005) ("The primary purposes of an indictment are to put the defendant on notice of what he is called upon to answer, *i.e.*, to appraise him of the elements of the offense and to allow him to decide whether to pled guilty or stand trial.") (citing *Evans v. State*, 611 S.E.2d 510 (S.C. 2005)).

Petitioner alleges that the indictments in his case were defective because they were made while there was no term of General Sessions Court. (ECF Nos. 1 at 14, 21-14 at 12). Even if true, this allegation fails to plausibly show that Petitioner was not provided sufficient notice of his charges before trial. Thus, trial counsel had no basis upon which they could have moved to quash the indictments, and Petitioner's claim that trial counsel were deficient in this regard is plainly without merit.[3]

---

[3] To the extent Petitioner claims that trial counsel should have moved to quash the indictments because the purported deficiency in the indictments deprived the trial court of jurisdiction, that claim is also plainly meritless. *See State v. Gentry*, 610 S.E.2d 494 (S.C. 2005) (clarifying that the concepts of subject matter jurisdiction and sufficiency of an indictment are distinct); see also *Bayly v. State*, 724 S.E.2d 182, 184 (S.C. 2012) ("Based on [Gentry's] clarification, we conclusively recognized that an indictment, which is a notice document, does not confer subject matter jurisdiction on a circuit court.").

In his Objections, Petitioner does not note any specific error in the Report's analysis of Ground Five but instead alleges other deficiencies in his indictments that he previously indicated in his response to the Motion, including that the solicitor intentionally included false information in his indictments, that the trial court altered indictments, and that the face of the indictments does not match the body of the indictments. (ECF No 58 at 10). However, those allegations were not presented in the habeas petition and were therefore not addressable by the Motion. The Court's review in this order focuses on the habeas petition itself and any supporting facts and arguments, not new grounds Petitioner failed to raise in his petition. Based on its review of the filings, the Court finds Petitioner failed to meet his burden of showing cause to excuse the procedural bar as to Ground Five.

### ii. Ground Six

In Ground Six, Petitioner argues the trial court erred in permitting the jury to view a videotaped prior statement of the victim during deliberations. (ECF No. 1 at 16). Respondent argues Ground Six of the Petition is procedurally barred because Petitioner did not object to the jury's receiving this evidence, nor did Petitioner raise this issue on appeal. (ECF No. 21 at 21). The Magistrate Judge recommends granting Respondent's Motion as to Ground Six. (ECF No. 45 at 14). The Court agrees.

In his Objections, Petitioner admits Ground Six is procedurally barred due to his trial counsel's failure to object and his appellate counsel's failure to preserve the issue for appeal. (ECF No. 58 at 7). Consequently, this issue was not preserved for review in Petitioner's direct appeal. *See State v. Dunbar*, 587 S.E.2d 691, 693-94 (S.C. 2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge."). However, Petitioner argues the procedural bar should be excused due to the ineffective assistance of counsel

in failing to preserve his argument for appeal. (ECF No. 58 at 7). While this appears to be a claim cognizable under *Martinez*, Petitioner failed to demonstrate cause and prejudice to justify his procedural default. *See Martinez*, 566 U.S. at 14. Accordingly, Ground Six is procedurally barred from federal habeas review. *See Longworth*, 377 F.3d at 448.

### iii. Parts of Ground Four.

Petitioner raises several additional claims of ineffective assistance of trial counsel as sub-parts to Ground Four. (ECF No. 1 at 12-13). Respondent argues these claims are procedurally barred because they were not raised to or ruled on by the PCR court. (ECF No. 21 at 24 n.5). The Magistrate Judge recommends granting Respondent's Motion as to these parts of Ground Four. (ECF No. 45 at 14). The Court agrees.

While Petitioner admits in his Objections that appellate counsel failed to raise his arguments from Ground Four, he asserts that he raised them in his pro se filing and that, given another PCR hearing, he would develop those arguments more fully. (ECF No. 58 at 8). However, a simple assertion that the Report is wrong without any support does not constitute a specific objection. *McNeil*, 2013 WL 1102881, at *1. Further, even if Petitioner properly raised his arguments on appeal, the PCR court did not rule on them so as to preserve them for appellate review. (ECF No. 21-3 at 394-407); *see Plyler*, 424 S.E.2d at 478 (stating that issues not raised to and ruled on by the PCR court are not preserved for review on appeal); *Marlar v. State*, 653 S.E.2d at 267. Petitioner has not demonstrated cause under *Martinez* to excuse the procedural bar. *See Martinez*, 566 U.S. at 14. Accordingly, the additional ineffective-assistance-of-counsel claims Petitioner raises under the heading of Ground Four of the Petition are procedurally barred.

**B. Merits Review of Grounds One, Two, Three, Four, and Seven.**

**i. Ground One**

In Ground One, Petitioner claims trial counsel were ineffective for failing to object to the solicitor's closing argument, which vouched for the credibility of the State's witnesses. (ECF No. 1 at 5-6). Respondent argues Petitioner fails to meet his burden of showing he is entitled to federal habeas relief on this ground. (ECF No. 21 at 27-30). The Magistrate Judge recommends granting Respondent's Motion as to Ground One. (ECF No. 45 at 15-18). The Court agrees.

A criminal defendant has a constitutional right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). To demonstrate ineffective assistance of counsel, a petitioner must show that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. *Id.* at 687; *see also Williams v. Taylor*, 529 U.S. 362, 391 (2000) (stating that "the *Strickland* test provides sufficient guidance for resolving virtually all ineffective-assistance claims . . . ."). To satisfy the first prong of *Strickland*, a petitioner must show that trial counsel's errors were so serious that his performance fell below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. *Strickland*, 466 U.S. at 687-88. With regard to the second prong of *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). The Court observed that while "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Id.* (quoting *Padilla v. Kentucky*, 559

U.S. 356, 371 (2010)). The Court instructed that the standards created under *Strickland* and §

2254(d) are both "'highly deferential,' and when the two apply in tandem, review is 'doubly' so."

*Richter*, 562 U.S. at 105. Thus, when a federal habeas court reviews a state court's determination

regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's

actions were reasonable. The question is whether there is any reasonable argument that counsel

satisfied *Strickland*'s deferential standard." *Id.*

Moreover, the Supreme Court has held that a decision containing a reasoned explanation

is not required from the state court. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1194-97 (2018) (holding

that a federal habeas court should "look through" the unexplained decision to the last related state

court decision that provides a relevant rationale, and presume that the unexplained decision

adopted the same reasoning, unless the State can rebut the presumption). If no explanation

accompanies the state court's decision, a federal habeas petitioner must show that there was no

reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 68.

In the case at bar, this Court has the benefit of the PCR court's written opinion, of which

certiorari review was denied by the South Carolina Court of Appeals, which may provide reasons

or theories that the appellate court could have relied upon in summarily denying Petitioner's

petition. Therefore, the Court turns to the question of whether the PCR court's order unreasonably

misapplied federal law or was based on an unreasonable determination of the facts. Having

reviewed the PCR court's order pursuant to the § 2254 standard, the Court finds for the reasons

that follow that the state court did not unreasonably misapply the *Strickland* test in determining

that no Sixth Amendment violation occurred.

At trial, the State presented evidence that Petitioner stole three cars, barricaded himself in

a house, and took a woman hostage in an armed stand-off with law enforcement officers. (ECF 21-

3 at 140-42). Two of those officers, Deputies Unger and White, testified at trial for the State. (ECF No. 21-3 at 143). During her closing argument, the solicitor stated to the jury, "You heard from Deputy Unger and Nathan White. And they got up here and were honest with you." (ECF No. 21-3 at 74). At the PCR hearing, trial counsel O'Neil testified that the statement was technically improper vouching for the credibility of the witnesses but he "wouldn't say" that the statement was worth objecting to. (ECF No. 21-3 at 306).

The PCR court found trial counsel were not ineffective for failing to object to this statement because the statement did not rise to the level of improper vouching. (ECF No. 21-3 at 404). Specifically, the PCR court found that a solicitor may argue the credibility of the State's witnesses if the argument is based on the record and its reasonable inferences, citing *Matthews v. State*, 565 S.E.2d 766, 678 (S.C. 2002), and that trial counsel O'Neil did not believe that the statement merited an objection in the middle of the State's closing argument. (ECF No. 21-3 at 404-05). The PCR court also found that Petitioner failed to establish that he was prejudiced by trial counsel's failure to object because the solicitor's statement was harmless in the context of the entire record. (ECF No. 21-3 at 404-05).

The Court finds Petitioner has failed to meet his burden of showing that the PCR court's decision is contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts. Petitioner fails to identify any error in the PCR's court's finding that the solicitor's statement did not amount to improper vouching of the witnesses' credibility. He has failed to show that the solicitor's argument that the witnesses were "honest" when they testified relied upon any personal knowledge of the solicitor or information outside of the evidence rather than being a comment on the consistency of their testimony with other evidence. *See Matthews*, 565 S.E.2d at 276 ("A solicitor may not vouch for the credibility of a

State's witness based on personal knowledge or other information outside the record."); *Gilchrist v. State*, 565 S.E.2d 281, 285 (S.C. 2002) ("Improper vouching occurs when the prosecution places the government's prestige behind a witness by making explicit personal assurances of a witness' veracity, or where a prosecutor implicitly vouches for a witness' veracity by indicating information not presented to the jury supports the testimony.") (quoting *State v. Shuler*, 545 S.E.2d 805, 818 (S.C. 2001)). Accordingly, Petitioner has not shown that the PCR court's findings that trial counsel did not have a basis upon which to object to the statement and that Petitioner was not prejudiced were unreasonable.[4]

Petitioner's Objections to the Report's analysis as to Ground One focus on issues not material to adjudication of Ground One, such as whether the jury instruction was correct or whether evidence was presented that Petitioner had stolen a particular vehicle from a particular witness. (ECF No. 58 at 11-14). He also asserts that he was not in a stand-off with any law enforcement officers and that Deputies Unger and White did not testify to that at trial. (ECF No. 58 at 13). However, Petitioner fails to identify any specific error in the Report's treatment of Ground One. Thus, after considering the Report's analysis, this Court adopts the Magistrate Judge's recommendation that the Motion be granted as to Ground One.

---

[4] Here, Petitioner argues several other statements made by the solicitor during closing arguments amounted to improper vouching, and that trial counsel were ineffective for failing to object to them. (ECF No. 1 at 5-6). The PCR court did not rule on whether trial counsel were ineffective for failing to object to these other statements, and Respondent does not argue that these claims are procedurally barred. *See Gray v. Netherland*, 518 U.S. 152, 166 (1996) (providing that procedural bar is an affirmative defense that may be waived if not raised in the district court). Thus, the Court must examine Petitioner's claims de novo. *See Cone v. Bell*, 556 U.S. 449, 472 (2009); *Winston v. Kelly*, 592 F.3d 535, 553-54 (4th Cir. 2010) ("The only limitation on § 2254(d)'s application is that the claims submitted must have been 'adjudicated on the merits' in state court. When a claim has not been adjudicated on the merits by the state court, a federal court reviews the claim de novo."). Under that standard, the Court finds Petitioner's claim that trial counsel were ineffective for failing to object to the solicitor's other statements is without merit. None of the statements identified by Petitioner amounts to improper vouching because none of the statements speaks to the credibility of the state's witnesses. *See Matthews*, 565 S.E.2d at 276; *Gilchrist*, 565 S.E.2d at 285. Therefore, trial counsel had no basis to object to the other statements and Petitioner has failed to meet his burden of showing deficiency or prejudice under *Strickland*.

### ii. Ground Two

In Ground Two, Petitioner claims trial counsel were ineffective for failing to adequately cross-examine a state witness about inconsistent statements she made regarding the security of the crime scene.[5] (ECF No. 1 at 8-9). Respondent argues Petitioner fails to meet his burden of showing that he is entitled to federal habeas relief on this claim. (ECF No. 21 at 31-35). The Magistrate Judge recommends granting Respondent's Motion as to Ground Two. (ECF No. 45 at 18-20). The Court agrees.

At trial, the State called Richland County Investigator Patricia Reed-Enzor, who responded to the hostage situation and commanded the crime scene and took photographs of the scene. (ECF No. 21-2 at 268-69). Reed-Enzor testified that the crime scene was secured overnight after the incident by setting up a crime scene log and placing a deputy on the scene. (ECF No. 21-2 at 272). On cross-examination, Reed-Enzor testified that she released the crime scene to one of the residents of the house that was the scene of the hostage situation. (ECF No. 21-2 at 288-89). At the PCR hearing, trial counsel O'Neil testified that he did not object to Reed-Enzor's purportedly inconsistent testimony because the defense's strategy was not to object to every "small detail that would be inconsistent with his theory of innocence." (ECF No. 21-3 at 301-304).

The PCR court found Petitioner failed to show trial counsel was deficient for failing to highlight the inconsistency in Reed-Enzor's testimony because the testimony was not helpful or material to Petitioner's defense. (ECF No. 21-3 at 403-04). The PCR court also found that it should

---

[5] Petitioner expressly claims trial counsel were ineffective for failing "to object to evidence of crime scene contamination." (ECF No. 1 at 8). In light of the Court's duty to liberally construe pro se pleadings, the Court construes this claim as stated above, which mirrors Petitioner's more cogent claim that was raised to and ruled on by the PCR court. If construed differently, Petitioner's claim would be procedurally barred.

not second-guess trial counsel O'Neil's strategy for cross-examining a witness. (ECF No. 21-3 at 404).

The Court concludes Petitioner has failed to meet his burden of showing that the PCR court's decision is contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts. The PCR court's finding that Reed-Enzor's testimony was not helpful or material to Petitioner's defense is supported by trial counsel's testimony, and Petitioner fails to point to any evidence rebutting that finding. Moreover, the PCR court's decision to defer to trial counsel's stated strategic reason for not highlighting Reed-Enzor's inconsistent testimony further was not contrary to federal law. *See McCarver v. Lee*, 221 F.3d 583, 594 (4th Cir. 2000) (("In evaluating trial counsel's performance, we must be highly deferential to counsel's strategic decisions and not allow hindsight to influence our assessment of counsel's performance.") (citing *Strickland*, 466 U.S. at 689)).

Petitioner's Objections to the Report's recommendation as to Ground Five merely allege Reed-Enzor allowed someone into the house in question and that doing so caused the crime scene to be contaminated. (ECF No. 58 at 15). However, Petitioner fails to support his contentions with evidence or demonstrate that his counsel's exercise of discretion in choosing not to cross-examine Reed-Enzor further about her apparently inconsistent statement affected the outcome of Petitioner's trial. Accordingly, Petitioner has failed to show that the PCR court's findings on this claim were unreasonable.

### iii.  Ground Three

In Ground Three, Petitioner argues trial counsel were ineffective for failing to object to the trial court's jury charge on direct and circumstantial evidence. (ECF No. 1 at 9-11). Respondent argues Ground Three is procedurally barred and that Petitioner fails to meet his burden of showing

he is entitled to federal habeas relief on this Ground. (ECF No. 21 at 39-42). The Magistrate Judge recommends finding that Ground Three is not procedurally barred but that it fails on the merits. (ECF No. 45 at 9-10, 20-21). The Court agrees.

Respondent argues Petitioner's failure to raise Ground Three in his pro se brief precludes review of the claim in this Court because the claim was not properly raised to the state appellate courts. (ECF No. 21 at 39); *see generally Longworth*, 377 F.3d at 448. Indeed, Petitioner did not raise Ground Three on appeal in either counsel's brief filed pursuant to *Anders v. California*[6] and petition for writ of certiorari filed pursuant to *Johnson v. State*,[7] or in Petitioner's pro se brief. (ECF Nos. 21-3 at 138, 21-13 at 1, 21-14 at 4).

However, the state appellate courts reviewed the claim pursuant to the procedures outlined in *Anders* because the claim was ruled on by the trial and PCR courts and thus preserved for appellate review. (ECF No. 21-3 at 405-406); *see Jamison v. State*, 765 S.E.2d 123, 128 (S.C. 2014) ("This Court recently held that, '[u]nder the *Anders* procedure, an appellate court is required to review the entire record, including the complete trial transcript, for any *preserved* issues with potential merit.'") (citing *McHam v. State*, 746 S.E.2d 41, 46 (S.C. 2013)); *see also Johnson*, 364 S.E.2d at 201 (stating counsel may withdrawal from representation in a meritless PCR appeal if the procedures in *Anders* are followed). Therefore, the procedures followed by the South Carolina appellate courts in reviewing *Anders* briefs and *Johnson* petitions for writs of certiorari necessarily encompass a review of all issues raised to, and ruled on, by the trial and PCR courts. Accordingly,

---

[6] *Anders v. California* requires that appellate counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders v. California*, 386 U.S. 738, 744 1967).

[7] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors in *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals).

the Court rejects Respondent's contention that Ground Three is procedurally barred even though the claim was not explicitly listed in Petitioner's pro se brief, and the Court will review the claim on the merits.

While charging the jury on the law, the trial court stated, "Now, generally there are two types of evidence which has been described to you that are generally presented during a trial, direct evidence and circumstantial evidence. Direct evidence—*and we probably had both in this case.* Direct evidence is the testimony of a person who claims to have actual knowledge of a fact, such as an eye witness." (ECF No. 21-3 at 84) (emphasis added).

At the PCR hearing, Petitioner testified that he found trial counsel's charge on direct and circumstantial evidence objectionable because the trial court is not allowed to give the jury its own opinion as to the evidence in the case. (ECF No. 21-3 at 240-41). Petitioner testified that he asked trial counsel to object to the jury charge but they did not object. (ECF No. 21-3 at 241). On the other hand, trial counsel O'Neil testified that he did not see any reason to object to that portion of the jury charge and he did not believe that the jury would have misconstrued the trial court's charge as a comment on the evidence. (ECF No. 21-3 at 307-08). Trial counsel Singletary testified that the trial court's charge on direct and circumstantial evidence did not include any inflection that could be considered an indication that the trial court believed there was a large amount of evidence in the case. (ECF No. 21-3 at 343).

The PCR court found Petitioner failed to meet his burden of showing that trial counsel was deficient because the trial court's charge did not amount to a comment on the facts of the case, and thus, trial counsel had no basis upon which to object. (ECF No. 21-3 at 405-06). The PCR court also found that Petitioner failed to show that the jury charge prejudiced him. (ECF No. 21-3 at 406).

The Court concludes Petitioner has failed to meet his burden of showing that the PCR court's decision is contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts. On its face, the trial court's charge did not express an opinion on a matter of fact from the trial. *See* S.C. Const. art. V, § 21; *State v. Stukes*, 787 S.E.2d 480, 499 (S.C. 2016) (prohibiting judges from expressing their views of the facts of cases to juries). And trial counsel's testimony that there was no inflection from the trial court to indicate to the jury that the trial court held an opinion about the amount of evidence in the case supports the PCR court's finding that the trial court did not comment on the facts of the case, and Petitioner has presented no evidence to rebut this finding. Petitioner failed to specifically object to the Report's analysis of Ground Three by merely realleging his previous argument. (ECF No. 58 at 16). Thus, Petitioner has failed to show that the PCR court's findings that trial counsel were not deficient because they had no basis upon which to object to the charge, and that the charge did not prejudice Petitioner, were unreasonable.

### iv. Ground Four

In Ground Four, Petitioner claims trial counsel were ineffective for failing to move for a mistrial based on juror misconduct. (ECF No. 1 at 11). Respondent argues Petitioner fails to meet his burden of showing he is entitled to federal habeas relief on this ground. (ECF No. 21 at 35-38). The Magistrate Judge recommends granting Respondent's Motion as to Ground Four. (ECF No. 45 at 22-28). The Court agrees.

During Petitioner's trial, trial counsel O'Neil moved for a mistrial based on juror misconduct. (ECF No. 21-2 at 319-20). In making his motion, trial counsel O'Neil put on the record the following facts: a Sheriff's deputy overheard a juror at lunch say "I've heard all I need to hear." (ECF No. 21-2 at 319). The deputy brought that comment to the trial court's attention,

and the court questioned five jurors separately and *in camera*. (ECF No. 21-2 at 319). The court asked the jurors whether they had formed any opinion about the ultimate issues of the case and whether or not they had expressed to anyone that they had made up their mind. (ECF No. 21-2 at 319). Specifically, trial counsel O'Neil requested that Juror 134, whom the deputy believed had made the statement, be asked whether she made such a statement. (ECF No. 21-2 at 319-320).

The trial court denied the motion for a mistrial. (ECF No. 21-2 at 321). Further, the trial court explained that it examined *in camera* every juror that trial counsel asked to be questioned, and all of the jurors categorically denied making any such statement. (ECF No. 21-2 at 321). Additionally, the trial court noted that the deputy who originally brought the statement to the court's attention "wasn't clear as to exactly what he heard." (ECF No. 21-2 at 321).

At the PCR hearing, Petitioner testified that if a juror had said that he or she "heard all I need to hear" before Petitioner was able to put up his defense, that would prejudice the outcome of his trial. (ECF No. 21-3 at 228-29). Petitioner testified that the deputy who heard the comment indicated the juror who made the comment was a black female. (ECF No. 21-3 at 229). Petitioner testified that there were four black females on his jury, and a fifth black female was one of the alternate jurors. (ECF No. 21-3 at 229). But, Petitioner testified that of the five jurors the court questioned *in camera* about the statement, only two of them were black females. (ECF No. 21-3 at 231). Thus, Petitioner testified, the trial court should have questioned the other black female jurors who could have made the statement. (ECF No. 21-3 at 231).

Trial counsel O'Neil testified that he could not remember how he determined that he believed Juror 134 was the juror who made the statement, but based on a conversation he had with the trial court in chambers before the jurors were questioned *in camera*, he was "essentially" certain that it was Juror 134. (ECF No. 21-3 at 288, 294, 311). However, he believed the deputy

described the juror who made the statement as a *younger* black female and, based on that age description, he would have been able to determine which juror purportedly made the statement. (ECF No. 21-3 at 289, 293, 311). Trial counsel O'Neil and Singletary both testified they had "some reason to believe that" Juror 134 made the statement and nobody else needed to be investigated, but they called additional jurors to be questioned *in camera* so that Juror 134 would not feel singled out. (ECF No. 21-3 at 294-95, 336).

The PCR court found Petitioner failed to show that trial counsel was deficient because trial counsel properly moved for a mistrial based on the purported juror statement. (ECF No. 21-3 at 402). The PCR court found trial counsel aptly brought the issue to the trial court's attention and requested the trial court to investigate whether the statement was made. (ECF No. 21-3 at 402).

This Court concludes Petitioner has failed to meet his burden of showing that the PCR court's decision was contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts. Petitioner argues trial counsel should have asked the trial court to bring in all of the black female jurors and question them as to whether they made the statement, but Petitioner fails to provide any evidence that those jurors would have offered testimony to support the defense's motion for a mistrial. *See Beaver v. Thompson*, 93 F.3d 1186, 1195 (1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."); *see also Bassette v. Thompson*, 915 F.2d 932, 941 (4th Cir. 1990) (finding appellant could not establish that counsel was ineffective for failing to call certain witnesses without advising the court of what an adequate investigation would have revealed or what testimony the witnesses might have provided).

Further, Petitioner fails to specifically object to any perceived error in the Report's analysis but merely realleges his original argument. (ECF No. 58 at 17). Accordingly, Petitioner has failed

to show that the PCR court's finding, that Petitioner failed to prove trial counsel was deficient for not adequately moving for a mistrial, was unreasonable.

### v. Ground Seven

In Ground Seven, Petitioner argues the trial court erred in refusing to grant a mistrial based on two separate outbursts made from persons in the gallery. (ECF No. 1 at 18-24). Respondent argues Ground Seven is Procedurally barred and that Petitioner fails to meet his burden of demonstrating that he is entitled to federal habeas relief on this ground. (ECF No. 21 at 21, 45-48). The Magistrate Judge recommends finding that Ground Three is not procedurally barred but that it fails on the merits. (ECF No. 45 at 24-27). The Court agrees.

As he does for Ground Three, Respondent argues Petitioner's failure to raise Ground Seven on direct appeal precludes review of the claim in this Court because the claim was not properly raised to the state appellate courts. (ECF No. 21 at 21). However, as was the case for Ground Three, the state appellate courts reviewed Ground Seven pursuant to the procedures outlined in *Anders* because the claim was ruled on by the trial and PCR courts and thus preserved for appellate review. (ECF No. 21-3 at 403). *See Jamison*, 765 S.E.2d at 128; *see also Johnson*, 364 S.E.2d at 201. Accordingly, Ground Seven is not procedurally barred and the Court reviews Petitioner's claim on the merits.

Early in the trial, while the trial court was reading Petitioner's indictment for criminal sexual conduct, the victim said "yes" and started crying. (ECF No. 21-1 at 56). Trial counsel Singletary brought this to the court's attention and moved for a mistrial. (ECF No. 21-1 at 55). The judge stated he did not hear the victim say "yes" but he did hear her "burst out crying." (ECF No. 21-1 at 56). The trial court then noted for the record that the victim was sitting in the "far back" of the courtroom, and in the trial court's opinion, no jurors saw the victim because the victim ducked

her head, even though the jurors were startled and turned to look in the victim's direction. Thus, the trial court denied the motion for a mistrial. (ECF No. 21-1 at 56).

Following Petitioner's testimony at trial, trial counsel Singletary again moved for a mistrial based on the "inappropriate behavior of individuals in the gallery that consisted of loud noises that were made" while Petitioner testified. (ECF No. 21-3 at 12). Trial counsel Singletary stated that people in the courtroom were laughing, covering their face, "patting" their feet, making inappropriate facial expressions, and rolling their eyes. (ECF No. 21-3 at 12-13). She stated that the behavior was "blatant and flagrant" and jurors were looking out at the gallery rather than paying attention to Petitioner's testimony. (ECF No. 21-3 at 13). Trial counsel Singletary argued that the behavior was so prejudicial to Petitioner's right to a fair trial that a mistrial should be granted. (ECF No. 21-3 at 13-14).

The trial court did not witness the same behavior as trial counsel witnessed, but agreed the victim had at times had an emotional reaction to testimony and found that during Petitioner's testimony there may have been "a minimal amount of that." (ECF No. 21-3 at 14). The trial court found the behavior did not rise to the level of a mistrial and denied the motion. (ECF No. 21-3 at 15). The trial court also told Singletary that if she indeed witnessed worse behavior than observed by the trial court, she needed to bring the issue to the court's attention sooner so that the behavior could be corrected. (ECF No. 21-3 at 14-15). Trial counsel Singletary explained that she did not make a contemporaneous objection because she did not want to interrupt Petitioner's testimony, and the trial court responded, "Well, then you live with it." (ECF No. 21-3 at 15).

At the PCR hearing, Petitioner testified that outbursts from the gallery during his testimony got so bad that he stopped testifying until the outbursts subsided. (ECF No. 21-3 at 236). Petitioner

testified that he looked at the judge, court reporter, and trial counsel when the outbursts occurred, but "nobody seemed to even care." (ECF No. 21-3 at 236).

Trial counsel Singletary testified that individuals in the gallery were snickering and rolling their eyes, which prevented her from concentrating on Petitioner's testimony. (ECF No. 21-3 at 338). She testified that she addressed those individuals directly at the time and told them to contain themselves and motioned to a courtroom deputy to intervene, but she decided not to bring the issue to the trial court's attention immediately because she did not want to interrupt the flow of Petitioner's testimony. (ECF No. 21-3 at 338-39). Trial counsel Singletary also testified that she "probably should have objected earlier" but she did not think that the outbursts were what led to the jury finding Petitioner guilty. (ECF No. 21-3 at 340).

The Court concludes Petitioner has failed to meet his burden of showing that the trial court's denial of his motions for mistrials are contrary to, or an unreasonable application of, clearly established federal law, or were based on an unreasonable determination of the facts. Petitioner has presented evidence of outbursts from the gallery that may have been observed by jurors, but he fails to put forth any evidence that the outbursts had an effect on the jurors. *See Byers v. Basinger*, 610 F.3d 980, 988 (7th Cir. 2010) ("While it is well established that a defendant's due process rights include a right to an unbiased and impartial jury, it is equally clear that not every outburst or disruption warrants a new trial.") (citing *United States v. Olano*, 507 U.S. 725, 738 (2010)); *see also Smith v. Phillips*, 455 U.S. 209, 215-17 (1982) (providing that allegations that juror partiality violates the Due Process Clause require the defendant to show prejudice); *Kinnamon v. Scott*, 40 F.3d 731, 734 (5th Cir. 1994) (finding that a habeas petitioner failed to show an outburst in the courtroom by the victim's family member was prejudicial error of a constitutional magnitude).

Moreover, Petitioner fails to present any evidence to rebut the trial court's finding that the jurors did not see the victim crying in the first instance, or that the second instance of outbursts was "minimal." Instead, Petitioner simply asserts that the victim was sitting closer to the jurors than the trial judge indicated and that jurors witnessed her outburst. (ECF No. 58 at 19). Additionally, Petitioner fails to specifically object to the Report's treatment of Ground Seven while merely articulating his dissatisfaction with the extent to which his trial counsel asked members of the gallery to contain their emotions during Petitioner's testimony in trial. (ECF No. 58 at 18-19). Accordingly, the Court finds that Petitioner has failed to show that the trial court's refusal to grant a mistrial was unreasonable.

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 45). Therefore, Respondent's Motion (ECF Nos. 21, 22) is granted and Petitioner's Petition (ECF No. 1) is dismissed with prejudice. Finally, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[8]

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

March 29, 2019                                        Joseph F. Anderson, Jr.
Columbia, South Carolina                             United States District Judge

---

[8] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).